**Alexander Tito HUMPHRIES, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 99–85C.**

United States Court of Federal Claims.

Nov. 7, 2001.

Alexander Tito Humphries, pro se, Eldoret, Kenya.

Gregory T. Jaeger, Washington, D.C., with whom were Robert E. Kirschman, Jr., Assistant Director, David M. Cohen, Director, Commercial Litigation Branch, Civil Division, and Stuart E. Schiffer, Acting Assistant Attorney General, Civil Division, U.S. Department of Justice.

## *ORDER*

SMITH, Senior Judge.

Plaintiff, a citizen of Kenya appearing pro se, filed a complaint on February 24, 1999 seeking $65,000 pursuant to an alleged informant agreement he entered into with the Federal Bureau of Investigation and the Immigration & Naturalization Service. In lieu of an answer, defendant filed a motion for a more definite statement of jurisdiction on May 25, 1999. On June 17, 1999, the court granted the government's motion, stating that plaintiff's status as an alien required that he affirmatively demonstrate that citizens of the United States are accorded a reciprocal right to sue the plaintiff's sovereign in its courts, as required by 28 U.S.C. 2502(a) (1999). *See Pottawatomi Nation in Canada v. United States,* 27 Fed.Cl. 388 (1992).

Plaintiff submitted a non-responsive and procedurally defective filing to the court on August 20, 1999. The court returned the submission unfiled by order dated September 13, 1999 because it failed to address the issue of reciprocity and did not conform to Rule 5(e) of the Rules of the Court of Federal Claims (RCFC) regarding service of process

and Rule 83 requiring that two copies be included along with the original. The September order again directed plaintiff to show compliance with 28 U.S.C. § 2502(a). Plaintiff was given an extra 30 days to respond. To date, nearly two years later, no response from the plaintiff has been received.

The government filed a Motion to Dismiss for Failure to Prosecute on May 11, 2001. Under Rule 41(b) of the RCFC, the court may dismiss on its own motion or defendant can move to dismiss for failure to prosecute. The power of this court to dismiss claims for failure to prosecute is well-established.

While the court never likes to dismiss a case on procedural grounds, in this case plaintiff has been ordered on two occasions to show compliance with 28 U.S.C. § 2502 and has failed to do so in both instances. The court's practice is to treat pro se plaintiff's liberally, but failures to respond to court orders cannot be condoned for any party regardless of background. Because plaintiff has failed to adequately respond to the June 17, 1999 order and for not responding at all to the September 13, 1999 order, the government's motion is GRANTED and the case is dismissed without prejudice.

**IT IS SO ORDERED.**